UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 DEC 18 PM 3 52
U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Civil No. 3:12CV956(EBB) |
| : | Crim. No. 3:98CR45(EBB) |
| TERRY L. PERKINS : | |

## RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Defendant Terry Perkins ("Perkins") has moved, *pro se*, to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The petition was transferred to this Court by the Second Circuit after Perkins filed a motion in that court seeking an order authorizing this Court to consider his second or successive § 2255 petition. The Second Circuit denied that motion as unnecessary, and ruled that his § 2255 was not successive because it related to his firearms conviction (in case # 3:98cr45 (EBB)) and the claims he raises were not at issue or decided in his prior § 2255 petition, which only challenged his separate narcotics conviction (in case # 97cr221(EBB)).

The Court has now carefully considered and liberally construed Perkins's claims in light of his *pro se* status, but finds them to be without merit. Accordingly, Perkins's § 2255 petition [doc. # 1], as well as his motions for summary judgment [doc. ## 5 & 7], his motion for judgment on the pleadings [doc. # 6], and his motion to expedite summary judgment [doc. # 11] are DENIED.

### *Factual and Procedural Background*

On March 14, 2000, the Court sentenced Perkins in two separate criminal cases. In the

first case, 3:97cr221(EBB), Perkins was sentenced to the statutory mandatory minimum sentence of 240-months imprisonment following his guilty plea to one count of an indictment that charged him with possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). On that same day, the Court also imposed a 120-month sentence in a second case, 3:98cr45(EBB), after Perkins pleaded guilty to one count of an indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] The sentence in the firearms case was imposed concurrent to the sentence in the narcotics case.

Perkins appealed his convictions, claiming that the Court erred in denying his motions to withdraw his guilty pleas in both cases. He did not raise any other challenge to his felon in possession conviction. On September 27, 2000, the Second Circuit affirmed his convictions and sentences. Thereafter, on July 9, 2001, Perkins filed in this Court a § 2255 petition for habeas corpus relief. The petition was docketed in both his narcotics case (3:97cr221(EBB)) and in his felon in possession case (3:98cr45(EBB)). The Court denied his petition and denied a certificate of appealability and the Court's ruling was docketed in both cases. The Second Circuit dismissed his appeal.

Now, in his current § 2255 petition, Perkins asserts that his felon in possession conviction was illegally based on an invalid predicate firearm conviction because he legally possessed the firearm and/or the predicate conviction was based on an uncounseled guilty plea in violation of Gideon v. Wainwright, 372 U.S. 335 (1963).[2] For the following reasons, the Court finds no

---

[1] The firearm at issue in case 3:98cr45(EBB) was seized when Perkins was arrested in the narcotics case, 3:97cr221(EBB).

[2] Perkins has previously, in different permutations and in different courts, raised the same claims he now raises in this motion. See Perkins v. United States, 06cv80(EBB) (motion to

merit to Perkins's claims.

*Discussion*

In opposition, the government asserts that Perkins's motion is time barred, his claims are procedurally defaulted and the default is not excused by his claim of actual innocence, his arguments relating to the validity of his felon in possession conviction are substantively without merit and he has not shown any prejudice. The Court agrees, and as set forth below, finds that Perkins's claims are time barred, but even if they were timely, they are substantively without merit.

*Statute of Limitations*

A petition for habeas corpus relief under § 2255 must be filed within one year of, *inter alia*, the date on which the challenged judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). Perkins's conviction became final on September 27, 2001, the date on which his time to seek a writ of certiorari from the United States Supreme Court expired. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir.

---

vacate, set aside or correct sentence (§ 2255) filed in criminal case numbers 97cr221 and 98cr45; transferred to USCA as successive petition; Second Circuit denied motion to remand and application to file second 2255 motion); Perkins v. United States, 07cv1554(EBB) (motion to vacate, set aside or correct sentence (§ 2255) filed in criminal case numbers 97cr221 and 98cr45; transferred to USCA as successive petition; Second Circuit denied request to consider successive § 2255 motion); Perkins v. Connecticut, 3:11cv870(DJS) (petition for writ of habeas corpus pursuant to § 2254; judgment entered for Connecticut; appeal filed Sept. 24, 2012); Perkins v. Holt, 4:09cv2508 (M.D. Pa.) (petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241; denied by 2110 WL 3204531 (June 28, 2010), aff'd 410 F.3d 422 (3d Cir. 2010)); Perkins v. Holt, 11cv1260 (M.D. Pa.) (petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241; dismissed for lack of jurisdiction by 2011 WL 3204531 (M.D. Pa. July 26, 2011)); Perkins v. Warden, No. CV07-4001528 (Conn. Super. Ct. Jan. 19, 2007) (challenging his 1990 Connecticut narcotics conviction; denied, no appeal filed); Perkins v. State of Connecticut, 284 Conn. 921 (2007) (petition for writ of error coram nobis filed in Connecticut Supreme Court; transferred to Conn. App. Ct; petition denied; certification denied).

1998). Thus, Perkins had one year, until September 27, 2002, to file a § 2255 petition.

Although the one year statute of limitations is strictly enforced, it is not a jurisdictional bar. In rare and exceptional circumstance, it may be equitably tolled. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). A petitioner is "entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). These two inquiries are interdependent. "A petitioner seeking equitable tolling must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010). Only if the petitioner satisfies this two-prong inquiry may the court "extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (quoting Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)). Perkins has not made the required showing, let alone extraordinary circumstances, that would justify tolling the statute of limitations for ten years. Accordingly, his motion is time barred and must be dismissed on that ground regardless of the merits of his claims.

*Procedural Default/Actual Innocence*

Besides being time barred, the claims Perkins asserts in this § 2255 motion are procedurally barred because he did not raise them on direct appeal. Bousley v. United States, 523 U.S. 614, 622 (1998) (noting that procedural default may be found if a § 2255 petitioner waived or abandoned a claim by failing to either preserve it for, or raise it on, direct appeal). His

procedural default bars review of his claims unless he shows cause for the default and prejudice resulting from the error or that he is actually innocent. Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007) (quoting Bousley v. United States, 523 U.S. at 623); Rosario v. United States, 164 F.3d 729, 733-34 (2d Cir. 1998). Actual innocence means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 622. In other words, Perkins must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Id. Further, the actual innocence claim must be provable on the existing record, which is a "higher hurdle" than the prejudice prong of the cause and prejudice standard. DeJesus v. United States, 161 F.3d 99, 103 (2d Cir. 1998).

To avoid the procedural bar, Perkins asserts that he is actually innocent of being a felon in possession because he was convicted of conduct that did not constitute a crime and the conviction was based on an uncounseled Connecticut conviction. Even though, as discussed below, his claims are without merit, the Court excuses his procedural default.

*Perkins's Conviction of Being a Felon in Possession*

As noted, Perkins maintains that his 18 U.S.C. § 922(g)(1) conviction of being a felon in possession is invalid and unconstitutional because (1) the predicate felony conviction was obtained without the benefit of counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963); and (2) he was lawfully in possession of the firearm because his civil rights had been restored prior to the commission of the § 922(g)(1) offense. Neither claim is availing.

Under § 922(g)(1), it is unlawful for any person who has been convicted in any court of a felony to possess any firearm or ammunition. The mere fact of a prior conviction at the time of the defendant's possession of the firearm, not the reliability of the conviction, establishes the

§ 922(g)(1) predicate. Burrell v. United States, 384 F.3d 22, 27 (2d Cir. 2004) (citing Bonfiglio v. Hodden, 770 F.2d 301, 306 (2d Cir. 1985)). A § 922(g)(1) conviction is "not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated or modified." Lewis v. United States, 445 U.S. 55, 64 (1980). As the Supreme Court noted, to limit the scope of § 922(g)(1) to a validly convicted felon would be at odds with the statutory scheme as a whole. Id. The clear intent of § 922(g)(1) is to require a defendant with a felony conviction on his record to "clear his status before obtaining a firearm" thereby fulfilling Congress' purpose broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous. Id. at 64-65.

Accordingly, Perkins's claim that his predicate Connecticut conviction was uncounseled in violation of Gideon v. Wainright, and thus cannot serve as a predicate felony conviction under § 922(g)(1), is directly foreclosed by Lewis. See Bonfiglio v. Hodden, 770 F.2d 301, 304-05 (2d Cir. 1985). In Lewis, the Supreme Court ruled that a defendant's prior state-court conviction that was flawed because the defendant had not been represented by counsel as required by Gideon, could properly be used as a predicate for a subsequent federal conviction of being a felon in possession.[3] Lewis, 445 U.S. at 66-67. Based on Lewis, the fact that Perkins's prior Connecticut felony conviction was uncounseled does not render it an invalid predicate felony conviction in connection with his § 922(g)(1) offense.

Similarly without merit is Perkins's claim that his felon in possession conviction was

---

[3]Lewis interpreted 18 U.S.C.App. § 1202(a)(1), one of the predecessors to the current felon in possession statute. See Custis v. United States, 511 U.S. 485, 492-93 (1994). Indeed, the Lewis court expressly stated that with regard to the question at issue, it could detect little significant difference between Title IV (containing § 922) and Title VII (containing app. § 1202). Lewis, 445 U.S. at 64.

impermissibly predicated on his prior Connecticut narcotics conviction because that conviction was expunged and his civil rights had been restored upon his release from incarceration and thus he was not under a firearms disability at the time of the § 922(g)(1) offense. Perkins is incorrect.

Under 18 U.S.C. § 921(a)(20), any conviction that has been pardoned, expunged or set aside, or for which a person has had his civil rights restored, shall not be considered a conviction for purposes of § 922(g)(1), *unless* such pardon, expungement or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.[4] Put another way, under § 921(a)(20), if, as Perkins claims, he was exonerated and his civil rights were restored after he was released from confinement on his Connecticut narcotics conviction, that conviction would be disregarded and he would be exempt from federal firearms disabilities and prosecution under § 922(g)(1) on the basis of that conviction, but only if Connecticut law did not otherwise impose a firearms disability on convicted felons. Perkins ignores the critical *unless* provision of § 921(a)(20).

Perkins's predicate Connecticut narcotics conviction is a valid predicate felony under § 922(g)(1) because under Connecticut law – specifically Conn. Gen. Stat. § 53a-217 -- a previously convicted felon is prohibited from possessing all firearms. See United States v. Hill, 351 F. Supp 2d 55, 57-58 (E.D.N.Y. 2005) (holding that even if a convicted felon had his civil rights restored, he is not entitled to exemption under § 921(a)(20) because state law specifically precluded him from possessing a firearm); see also United States v. Woodall, 120 F.3d 880, 881 (8th Cir. 1997) (holding that even if offender's civil rights are restored, courts must look at

---

[4]The statute also provides that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."

whether state law nonetheless prohibits possession of firearms; if so, the § 921(a)(20) exclusion does not apply); United States v. Erwin, 902 F.2d 510, 512-13 (7th Cir. 1990) (same); United States v. Cassidy, 899 F.2d 543, 549 (6th Cir. 1990) (same).[5]

For all of these reasons, Perkins has failed to show that his § 922(g)(1) conviction was imposed in violation of the Constitution or the laws of the United States or that there was any error that resulted in a complete miscarriage of justice. See Nnebe v. United States, 534 F.3d 87, 90 (2d Cir. 2008) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

*Conclusion*

Perkins's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [doc. # 1] is DENIED. In addition, his motions for summary judgment [doc. ## 5 & 7], for judgment on the pleadings [doc. # 6] and to expedite summary judgment [doc. # 11] are also DENIED.

Perkins has failed to make a substantial showing of the denial of a constitutional right and therefore a certificate of appealability will not issue.

SO ORDERED.

/s/ Ellen Bree Burns, USDJ
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut, this ___13re___ day of December, 2012.

---

[5] Even if the 1990 Connecticut narcotics conviction were not a valid conviction for § 922(g)(1), Perkins's 1993 conviction of attempted criminal sale of a controlled substance in the third degree, in violation of N.Y. Penal Law § 220.16(1), a Class C felony that is punishable by more than one year imprisonment, would qualify as a valid predicate offense supporting his § 922(g)(1) conviction. See 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person - - (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding ony year; . . . to possess . . . any firearm . . . .").